[No. 27302.   Department Two.   December 7, 1938.]

JOHN J. McGUIGAN, *Respondent*, v. W. J. A. SIMPSON *et al., Appellants.*[1]

*P. L. Pendleton* and *Harry E. Phelps,* for appellants.

*L. B. Sulgrove,* for respondent.

[1]Reported in 84 P. (2d) 1012.

GERAGHTY, J.—The plaintiff, McGuigan, was the owner of a forty-acre tract of land, which he desired to sell, and, March 11, 1936, the defendant Simpson, a real estate broker, doing business under the name of Mutual Realty Company, submitted to the plaintiff an offer to purchase the tract, purported to be signed by M. C. Taylor. The plaintiff accepted the offer in writing and acknowledged the receipt from Simpson of ten dollars on account of the purchase price. He did not see M. C. Taylor, the nominal purchaser. The instrument signed by the plaintiff follows:

"MUTUAL REALTY COMPANY
"Est. Since 1885 - 903 G. Ave.

"Tacoma, Washington 3/11/36.
"I hereby make application to purchase through the MUTUAL REALTY COMPANY the property described below and situated in Pierce County, Washington: So. E. ¼ of N. E. ¼ S. 4, T. 18 N. R. 4, W. M.—40 Acres more or less. Buyer to pay all taxes now standing against property. Int. to be paid every 6 Mo.—rate of 5%.

"To be paid as follows: $25.00 with this application and $10 or more on the 16th day of May, 1936, and $10 each month thereafter, until the full purchase price, to-wit, $525, has been paid. Payments due on the — 25th day of each month, and to be paid to owner at Bank of California, Tacoma, Wash.

"The ownership of and title to said property to remain in the owner and not to be conveyed to me until fully paid for. This agreement is made subject to prior sale, in which event money paid hereon to be returned. All purchases made subject to approval of owners.

"Abstract furnished on completion to date—paid up contract—also deed.

M. C. TAYLOR—Purchaser
I agree to above purchase.
JOHN J. McGUIGAN—Owner."

"Received on above $10.
"JOHN J. McGUIGAN—Owner."

On the back of the instrument there is an assignment, in blank, executed on the same day, by M. C. Taylor. It was not questioned that the assignment was made to Simpson, and he thereafter paid McGuigan the monthly installments of ten dollars until December, 1937.

At the time of the purchase, taxes on the property were delinquent for 1927 and subsequent years. Although the contract provided for payment of these back taxes by the purchaser, they were not paid by him, and, in December, 1936, the county acquired title to the property by foreclosure of its tax lien. In September, 1937, Simpson, under the name of Mutual Realty Company, made application to the county for the purchase of the property; thereafter, it was offered for sale and bid in by Simpson for sixty dollars. He paid the purchase price to the county treasurer, and directed that a deed be issued in the name of the Mutual Realty Company; subsequently, he requested that the deed be changed and the name of Kirby P. Hickey inserted. This was done, and the deed was issued in December, 1936, and delivered to Simpson.

The plaintiff had no knowledge that Simpson had failed to pay the taxes, or of the foreclosure of the tax lien and the subsequent conveyance of the property by the county. Simpson paid two or three monthly installments on the purchase price after his application for purchase to the county. He refused to make further payment after the county's conveyance. The plaintiff then made inquiry at the office of the county treasurer and found that the taxes had not been paid; that the property had been purchased by Simpson and a deed executed, pursuant to his order, in the name of Hickey. The plaintiff thereupon instituted this action against Simpson and Hickey, praying for judg-

ment that title of the defendants to the property, under the county's tax deed, be declared to be held in trust for him, and that his title be quieted.

The court found the facts as we have related them, and also found that Simpson, as assignee of the contract, was in default as to payments on principal and interest and that the purchase of the property by Simpson and the insertion of the name of Hickey, as grantee, constituted a fraud upon the plaintiff. Judgment was entered providing that any title acquired by the defendants through the county treasurer's deed to the property in controversy, was taken in trust for the plaintiff and that his title thereto be quieted. The defendants appeal.

Appellant Simpson testified that he caused the name of Hickey to be inserted in the county's deed as grantee because he owed him money as the result of other transactions in which they were jointly engaged. The court found that Hickey was not an innocent purchaser, and it is not seriously contended in the brief of the appellants that he was.

The errors assigned for reversal of the judgment are: (1) That the instrument signed by the parties was merely an earnest money receipt, not a contract upon which an action for specific performance could be based; (2) that the agreement was not enforceable, because not signed by the respondent's wife; and (3) that the respondent failed to supply an abstract in accordance with the terms of the agreement.

The first assignment is without merit, because the instrument signed by the parties was accepted and acted upon as a contract expressing the terms of the purchase, and the appellant paid the monthly installments, in accordance with its terms, until after he had caused title to issue from the county.

■ As to the second assignment, the respondent's wife testified that she herself had inquired of the appellant Simpson whether or not her signature was necessary, and he told her that it was not required.

■ The stipulation in the agreement was that an abstract was to be furnished "on completion to date—paid up contract—also deed." This stipulation is somewhat ambiguous, although it could be read to mean that the abstract was to be delivered at the same time as the deed, that is, on full payment of the purchase price. The respondent, however, testified that, in response to Simpson's request for an abstract, he told him he had one, but did not wish to trust him with it and would leave it with any lawyer he might name for examination. Whatever merit may be in this objection, it did not occur to the appellant to urge it as a reason for refusal to pay until after he had acquired title from the county.

■ The appellant Simpson was obligated by his contract to pay the delinquent taxes. He failed to do this and, instead, permitted the property to be sold by the county and thereafter purchased it for himself. He could not thus profit by his own wrong. The title he acquired was taken in trust for the respondent. Hickey was no more than a lay figure in the transaction. His name was used by Simpson for convenience. In *Finch v. Noble,* 49 Wash. 787, 96 Pac. 3, 126 Am. St. 880, the court quoted with approval from *Moss v. Shear,* 25 Cal. 38, 85 Am. Dec. 94, as follows:

" 'If the defendant was under any legal or moral obligation to pay the taxes, he could not, by neglecting to pay the same and allowing the land to be sold in consequence of such negligence, add to or strengthen his title by purchasing at the sale himself, or by subsequently buying from a stranger who purchased at the sale. Otherwise, he would be allowed to gain an

advantage from his own fraud or negligence in failing to pay the taxes. This the law does not permit, either directly or indirectly.' "

The judgment is affirmed.

STEINERT, C. J., BEALS, SIMPSON, and MILLARD, JJ., concur.